UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

-against-

JOSEPH A CASTELLO,

                        Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CR 04-336

(Wexler, J.)

APPEARANCES:

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: DIANE LEONARD BECKMAN, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
    610 Federal Plaza
    Central Islip, New York 11722-4454

    MURRAY E. SINGER, ESQ.
    241 East Shore Road, Suite 201
    Great Neck, New York 11023
    Attorney for Defendant

WEXLER, J.

On February 9, 2007, a jury convicted Defendant Joseph A. Castello ("Defendant" or "Castello") of failure to file Currency Transaction Reports ("CTRs"), by a financial institution, in violation of 31 U.S.C. §5313(a). Presently before the court is the request of the Government for entry of a preliminary order of forfeiture pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. The parties have consented to have this matter determined by the court. For the reasons set forth below, the court orders entry of the requested order.

1

## BACKGROUND

### I. The Indictment and the Jury Verdict

Castello was tried on an indictment charging him with conspiracy to launder money, failing to file CTRs, structuring financial transactions, conspiracy to impede and defeat the IRS, two counts of tax evasion and two counts of obstruction of justice. Three of the counts charged sought forfeiture. Castello was convicted of one of those counts – failure to file CTRs. He was acquitted of all other counts in the indictment.

### II. Castello's Failure to File CTRs and the Fees Earned

The statute violated by Castello requires the filing of a CTR with the United States Secretary of Treasury when, inter alia, a financial institution is involved in a transaction for the payment of currency that exceeds $10,000. See 31 U.S.C. §5313(a). Castello was not convicted of a single failure to file a CTR. Instead, he was convicted in connection with thousands of transactions taking place between January 1, 1995 and November 30, 2004. While the total of such transactions was approximately $600 million, the government has submitted evidence showing that $200 million of that amount involved individual transactions exceeding $10,000. Castello's check cashing fee was not stated with exact certainty at trial. However, there was evidence that the fee fluctuated between .75% and 5% of the amount of the check cashed.

### III. The Order Sought and Defendant's Opposition

The Preliminary Order of Forfeiture sought by the Government seeks a money judgment as well as forfeiture of specific assets. As to the money judgment, the Government seeks $9,341,051.81. This figure represents 4% of the checks cashed by Castello exceeding $10,000, for which no CTRs were filed. As to particular assets sought to be forfeited, the Government

seeks an order forfeiting: (1) real property and premises located at 47 Alpine Road, Greenwich, Connecticut ("47 Alpine Road") and (2) all funds on deposit in or transferred to Citibank account number 1219511635, held in the name of Castello's wife, Dana Schwartz Castello, up to and including the sum of $2,671, 872.50 (the "Citibank Account"). The Government advises the court that the sum of $805,588.84, more or less and all interest accrued thereon is currently on deposit with the Department of Treasury and represents the net proceeds traceable to the sale of 47 Alpine Road, which premises was involved in or was traceable to the offense for which Castello was convicted. The Government further advises the court that the sum of $25,555.70, more or less and all interest accrued thereon, on deposit with the Department of Treasury, represents the net proceeds traceable to the Citibank Account, which proceeds were involved in, or are traceable to the offense for which Castello was convicted.

Defendant opposes the forfeiture on the grounds that the funds sought were not involved in the offense and are therefore not subject to forfeiture. It is further argued that the amount sought to be forfeited is grossly disproportionate to the crime of which Defendant was convicted and therefore violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## DISCUSSION

### I. Rule 32.2 of the Federal Rules of Criminal Procedure

Rule 32.2(b) of the Federal Rules of Criminal Procedure requires this court to make a determination as to whether the property sought by the Government is subject to forfeiture, i.e., if there is the required nexus between the property and the offense for which the defendant was convicted. Once that determination is made, the court "must" enter a preliminary order of

3

forfeiture setting forth the amount of any money judgment and/or the specific assets subject to forfeiture. Fed. R. Crim. P. 32.2(b); see e.g., United States v. Rudaj, 2006 WL 1876664 *2 (S.D.N.Y. 2006). Determination of any third party's interest in the forfeited property is deferred until the filing of a claim in an ancillary proceeding under Rule 32.2(c); Rudaj, 2006 WL 1876664 *2.

As part of a sentencing proceeding, the court's determination as to forfeitability is subject to a preponderance of the evidence standard and not to proof beyond a reasonable doubt. See United States v. Bellomo, 176 F.3d 580, 595 (2d Cir. 1999).

II. The Money and Assets Sought Are Subject To Forfeiture

The first task before the court is determining whether the amount of the judgment sought and the property identified are, indeed subject to forfeiture.

The forfeiture statute applicable to violations of the crime of which Defendant was convicted provides that the court, "shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto." 31 U.S.C. §5317(c)(1)(A). The language describing the property subject to forfeiture is identical to the forfeiture language employed in the money laundering statute and the court is therefore guided by interpretation of that statute. See 18 U.S.C. §982(a)(1) (providing for forfeiture of "property . . . involved in such offense, or any property traceable to such property."). Property subject to forfeiture under the money laundering statute includes, inter alia, "any commissions or fees paid to the launderer . . ." United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003).

The money judgment sought by the Government is properly representative of the fees earned by Castello for cashing checks in excess of $10,000 for which no CTRs were filed. As

4

such, the court holds that the money judgment represents a proper amount subject to forfeiture. The court holds similarly that the assets identified are properly traceable to the crime. The Citibank account was used by Castello to conduct his check cashing business. Additionally, the Government has submitted more than sufficient evidence demonstrating that the funds in that account were used in construction of 47 Alpine Road. Castello's mortgage documents indicate that expenses used in construction in excess of $7 million and checks provided in connection with that application were drawn on the Citibank account. Further, cash deposits to the Citibank account were from Castello's income and that account was the only bank account the family used. In sum, the Government has proved, by the required preponderance of the evidence, that the money judgment sought and assets sought to be forfeited were involved in the offense for which Castello was convicted and traceable thereto.

III. The Proposed Forfeiture is Constitutional

Defendant's Eighth Amendment argument relies heavily on the fact that Castello was acquitted of the majority of the charges set forth in the indictment and argues that the amount and property sought to be forfeited is grossly disproportionate to the crime of which Castello was convicted. As such, it is argued that the forfeiture sought violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant's argument relies, almost wholly, on United States v. Bajakajian, 524 U.S. 321 (1998), a case in which the Supreme Court set forth the standards to determine whether a fine violates the Excessive Fines Clause of the Eighth Amendment. In Bajakajian, defendant was convicted of failing to report the transfer of more that $10,000 in currency when he attempted to transport over $300,000 in cash in his luggage. The Supreme Court stated that the "touchstone"

of an excessive fines determination is the "principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." Bajakajian, 524 U.S. at 334. Applying this principal, the Court held that forfeiture of the <u>total</u> amount of money attempted to be transported was "grossly disproportionate" to the gravity of the offense charged and therefore amounted to an unconstitutional forfeiture in violation of the Eighth Amendment.

Bajakajian, is highly distinguishable from the crime at issue here. While the defendant in Bajakajian was convicted of a one time failure to report, the crime of which Castello was convicted involved thousands of separate transactions over a nearly ten year period of time amounting to over $200 million. The Government does not seek, as in Bajakajian, forfeiture of the entire amount involved in the crime. Instead, the fee charged by Castello in cashing the checks at issue is the basis for the money judgment and asset forfeiture. This amount is fair, reasonable and well-supported by the evidence of record. Accordingly, the forfeiture sought does not violate the Eighth Amendment.

## CONCLUSION

For the foregoing reasons the court holds that the property sought to be subject to the Government's Proposed Preliminary Order of Forfeiture is, indeed, subject to forfeiture pursuant to 31 U.S.C. §5317(c)(1)(A). The court further holds that the requested forfeiture is Constitutional. Accordingly, the court will order the proposed preliminary order of forfeiture

submitted by the Government.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       September 17, 2007