```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
```

UNITED STATES OF AMERICA,

                  Plaintiff,

    -against-

JOSEPH A CASTELLO,

                  Defendant.
```
-------------------------------------------------X
```

MEMORANDUM AND ORDER

CR 04-336

(Wexler, J.)

APPEARANCES:

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: DIANE LEONARD BECKMAN, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
        610 Federal Plaza
        Central Islip, New York 11722-4454

    MURRAY E. SINGER, ESQ.
    241 East Shore Road, Suite 201
    Great Neck, New York 11023
    Attorney for Defendant

WEXLER, J.

On February 9, 2007, a jury convicted Defendant Joseph A. Castello ("Castello") of failure to file Currency Transaction Reports ("CTRs"), by a financial institution, in violation of 31 U.S.C. §5313(a). This court thereafter entered preliminary, and final orders of forfeiture. Final judgment was entered ordering Castello to pay: (1) a fine in the amount of $250,000; (2) restitution in the amount of $300,000; (3) a special assessment of $100 and (4) forfeiture in the amount of $12,012.924.

1

Castello appealed the conviction, as well as the orders of restitution and forfeiture. While the conviction has been affirmed, the Second Circuit Court of Appeals has vacated the restitution and forfeiture orders, and remanded the matter to this court for further action consistent with its opinion. Specifically, this court has been directed to analyze the factors set forth by the United States Supreme Court in <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998), to determine whether the fine imposed violates the Excessive Fines Clause of the Eighth Amendment. The Second Circuit found that one of the <u>Bajakajian</u> factors, i.e., the maximum sentence, and fine that could have been imposed, weighs against the constitutionality of the forfeiture. The appellate court seeks to have this court consider whether the remaining three <u>Bajakajian</u> factors weigh against, or in favor of constitutionality. Those three factors are: (1) the essence of Castello's crime and its relation to other criminal activity; (2) whether Castello fits into the class of persons for whom the CTR statute was principally designed and, (3) the nature of the harm caused by Castello's conduct.

In light of the foregoing, the court orders counsel to submit, within two weeks of the date of this Memorandum and Order, a letter stating their position as to whether a factual hearing is necessary to comply with the directive of the Second Circuit. Upon receipt of the parties' letters, the court will schedule a hearing or further briefing on this matter.

SO ORDERED.

/LEONARD D. WEXLER/
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 2, 2008