UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM AND ORDER

            Plaintiff,                    CR 04-336

    -against-                          (Wexler, J.)

JOSEPH A. CASTELLO,

            Defendant.
----------------------------------------------------------X

APPEARANCES:

    BENTON J. CAMPBELL, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: DIANE LEONARD BECKMAN, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
        610 Federal Plaza
        Central Islip, New York 11722-4454

    MURRAY E. SINGER, ESQ.
    241 East Shore Road, Suite 201
    Great Neck, New York 11023
    Attorney for Defendant

WEXLER, J.

On February 9, 2007, a jury convicted Defendant Joseph A. Castello ("Defendant" or "Castello") of failure to file Currency Transaction Reports ("CTRs"), by a financial institution, in violation of 31 U.S.C. §5313(a). Final judgment was thereafter entered ordering, inter alia, forfeiture in the amount of $12,012.924.

On appeal, the Second Circuit Court of Appeals affirmed the conviction, but vacated the restitution and forfeiture orders, and remanded the matter to this court for further action

1

consistent with its opinion. The Second Circuit's remand directed this court to make findings with respect to the amount of the forfeiture. In particular, the appellate court directed that this court analyze the factors set forth by the United States Supreme Court in United States v. Bajakajian, 524 U.S. 321 (1998) ("Bajakajian"), to determine whether the forfeiture imposed violates the Excessive Fines Clause of the Eighth Amendment. Under the rule announced in that case, forfeiture is unconstitutional if it is "grossly disproportionate to the gravity of defendant's offense." Bajakajian, 524 U.S. at 334. Specifically, this court was directed to make factual findings as to whether three of the Bajakajian factors weigh against, or in favor of, a finding of Constitutionality. Those three factors are: (1) the essence of Castello's crime and its relation to other criminal activity; (2) whether Castello fits into the class of persons for whom the CTR statute was principally designed and, (3) the nature of the harm caused by Castello's conduct.

Upon remand, this court directed counsel to submit letters stating whether a factual hearing is necessary to comply with the order of the Second Circuit. The parties agreed that no further hearing was necessary, and thereafter submitted memoranda of law outlining their respective positions regarding the Constitutionality of the order of forfeiture. The court has reviewed the parties' submissions and, for the reasons set forth below, vacates the order of forfeiture in its entirety.

## DISCUSSION

I. Background

A. The Indictment and the Jury Verdict

Castello was tried on an indictment charging him with conspiracy to launder money, failing to file CTRs, structuring financial transactions, conspiracy to impede and defeat the IRS,

two counts of tax evasion and two counts of obstruction of justice. Three of the counts charged sought forfeiture. Castello was convicted of one of those counts – failure to file CTRs. He was acquitted of all other counts in the indictment.

Castello was sentenced to serve the maximum prison sentence of five years. He was also ordered to pay the maximum statutory fine of $250,000. The Order of Forfeiture imposed a money judgment as well as forfeiture of specific assets. As to the money judgment, the court ordered forfeiture in the amount of $9,341,051.81. This figure represented 4% of the total amount of checks cashed by Castello exceeding $10,000, for which no CTRs were filed. The remainder of the forfeiture order related to the forfeiture of real property as well as funds located in certain bank accounts.

The Second Circuit held that because the forfeiture imposed by this court represented more than forty times the maximum fine permitted under either the CTR statute, or the sentencing guidelines, the Constitutionality of the order could not be presumed. Instead, specific factual findings regarding the Bajakajian factors was required to evaluate the amount. One factor, the maximum sentence and fine that could have been imposed, was considered by the Second Circuit and found to weigh against a finding of Constitutionality. The court remanded the remaining three factors to this court for consideration.

## DISCUSSION

I. The Bajakajian Factors

The three remaining Bajakajian factors identified by the Second Circuit for this court to consider are: (1) the essence of Castello's crime and its relation to other criminal activity; (2) whether Castello fits into the class of persons for whom the CTR statute was principally designed

3

and, (3) the nature of the harm caused by Castello's conduct.

Upon review of the record in light of these factors, the court holds that the forfeiture previously ordered by this court cannot be upheld. As in Bajakajian, the only crime of which Defendant was convicted was the failure to file CTRs, in violation of 31 U.S.C. §5313(a). CTRs are required to be filed so that the government can track the large cash transactions that may be involved in criminal activity. While this is a serious offense, especially in light of the extent of Castello's violations, the crime is a crime of reporting. See Bajakajian, 524 U.S. at 337. While Castello was charged with additional crimes, the conviction of which may have well supported forfeiture, he was not convicted of those crimes. Under these circumstances, the court holds that the evidence showing the relation of Castello's crime to other criminal activity is weak. Therefore, this factor weighs against a finding of Constitutionality of the forfeiture.

As to whether Castello fit into the class of persons for whom the statute was designed. The court notes that the statute violated by Castello specifically requires that those involved in the cashing of checks in excess of a certain amount file a report on the transaction. There can be no question but that Castello, who cashed millions of dollars worth of checks without filing the statutory report, was found by the jury to have violated the statute. Thus, it is clear that Castello fits within the class of persons for whom this reporting statute was designed. To the extent that the statute seeks to punish third parties involved in different criminal activities, outside the scope fo the original check cashing, the court holds that there is insufficient evidence to hold that this factor weighs in favor of Constitutionality. While the government charged Castello with the crimes of money laundering, tax evasion, and obstruction of justice, the jury did not convict Castello of these crimes. This weighs against a finding that Castello falls within the class of

persons for whom the statute was designed. In light of the foregoing, this factor is, at best, neutral on the issue of proportionality of the forfeiture amount to the crime of which Castello was convicted.

Finally, with respect to the nature of the harm caused by Castello's conduct, the court reiterates that the statute exists so that the government can track the flow of cash transactions so that these large amounts of cash are not funneled into criminal activities, including money laundering, tax and securities fraud. The fact that Castello was not convicted of involvement in these crimes makes this factor weigh against a finding that the forfeiture was Constitutionally proportionate to the crime of which Castello was convicted.

## CONCLUSION

For the foregoing reasons and upon full consideration of each of the Bajakajian factors, the court vacates in its entirety the previously entered order of forfeiture.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 21, 2009