UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                    MEMORANDUM AND ORDER

        Plaintiff,               CR 04-336

-against-                    (Wexler, J.)

JOSEPH A CASTELLO,

        Defendant.
-----------------------------------------------------------X

APPEARANCES:

    BENTON J. CAMPBELL, UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK
    BY: DIANE LEONARD BECKMAN, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
        610 Federal Plaza
        Central Islip, New York 11722-4454

    MURRAY E. SINGER, ESQ.
    241 East Shore Road, Suite 201
    Great Neck, New York 11023
    Attorney for Defendant

WEXLER, J.

On February 9, 2007, a jury convicted Defendant Joseph A. Castello ("Defendant" or "Castello") of failure to file Currency Transaction Reports ("CTRs"), by a financial institution, in violation of 31 U.S.C. §5313(a). Final judgment was thereafter entered ordering, inter alia, forfeiture in the amount of $12,012.924.

On appeal, the Second Circuit Court of Appeals affirmed the conviction, but vacated the restitution and forfeiture orders, and remanded the matter to this court for further action

1

consistent with its opinion. The Second Circuit's remand directed this court to make findings with respect to the amount of the forfeiture. In particular, the appellate court directed that this court analyze the factors set forth by the United States Supreme Court in United States v. Bajakajian, 524 U.S. 321 (1998) ("Bajakajian"), to determine whether the forfeiture imposed violates the Excessive Fines Clause of the Eighth Amendment.

After briefing by the parties, this court considered the Bajakajian factors identified by the Second Circuit and held that the forfeiture previously ordered could not be upheld. Accordingly, the court vacated in it entirety the previously entered order of forfeiture.

Presently before the court is the Government's motion for reconsideration of the order vacating the forfeiture. Upon review and consideration fo the parties' submissions, the court denies the motion for reconsideration. The Clerk of the Court is directed to terminate the motion for reconsideration.

SO ORDERED.

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 30, 2009